IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

DISABILITY RIGHTS CENTER )
    OF KANSAS, INC. )
        Plaintiff, )
)    Case No.  05-4097-SAC
v. )
)
APPLEWOOD REHABILITATION )
        Defendant. )

## COMPLAINT

COMES NOW, Plaintiff Disability Rights Center of Kansas, by and through its attorneys, Summer A. Duke and Kirk W. Lowry, and for its cause of action against Defendant Applewood Rehabilitation Inc. alleges and states as follows:

## INTRODUCTION

1. This is an action for injunctive and declaratory relief enforcing the access authority provisions of the Protection and Advocacy for Individuals with Mental Illness (PAIMI) Act. The PAIMI Act entitles the Disability Rights Center of Kansas, which is the Protection and Advocacy system for the State of Kansas, to

information and records from the Defendant regarding an individual with mental illness who was served in Defendant's facility.

## PARTIES

2. Plaintiff Disability Rights Center of Kansas (DRC) is a 501(c)(3) non-profit corporation and the designated protection and advocacy system (P&A) for the State of Kansas. Plaintiff's principal place of business is 3745 SW Wanamaker Rd., Topeka, Shawnee County, Kansas, 66610.

3. Defendant Applewood Rehabilitation, Inc. is a for-profit corporation incorporated in Roeland Park, Johnson County, Kansas, with resident agent Ray L. Connell in El Dorado, Butler County, Kansas. Applewood Rehabilitation Inc. is a nursing facility for mental health (NFMH) located at 1720 West Second Street, Chanute, Neosho County, Kansas, 66720.

## JURISDICTION AND VENUE

4. Jurisdiction of this action is based on 28 U.S.C. § 1331, seeking application of the federal Protection and Advocacy for Individuals with Mental Illness (PAIMI) Act, 42 U.S.C. § 10801 *et seq.* and 42 C.F.R. § 51.41 *et seq.* There is currently no amount in controversy between plaintiff and defendant.

5. Venue is proper in this court under 28 U.S.C. § 1391(b) because the plaintiff and the defendant are residents of the State of Kansas and the actions giving rise to the cause of action occurred in Kansas.

ALLEGED FACTS

6. As the official protection and advocacy system (P&A) for the State of Kansas, the Disability Rights Center (DRC) is mandated to "investigate incidents of abuse or neglect of individuals with mental illness if the incidents are reported to the system or if there is probable cause to believe that the incidents occurred" (42 U.S.C. § 10805(a)(1)(A)) and to "pursue administrative, legal, and other appropriate remedies to ensure the protection of individuals with mental illness who are receiving care or treatment in the state." (42 U.S.C. § 10805(a)(1)(B)).

7. Pursuant to 42 U.S.C. § 10805(b), the Kansas Department of Aging provides DRC with a copy of each annual survey report and plan of corrections for cited deficiencies under the Social Security Act "with respect to any facility rendering care or treatment to individuals with mental illness in the State in which the system is located." 42 U.S.C. § 10805(b).

8. DRC received a report of the Applewood Rehabilitation survey of April 26, 2005. (CMS form 2567, attached as Exhibit A.) DRC staff reviewed the survey report and identified an incident of abuse or neglect of an individual with mental illness.

9. The survey report stated that "Resident # 1," who is an individual with bipolar disorder, was admitted to an emergency room "in a comatose state with severe dehydration, kidneys shut down, septic, and low oxygen in blood."

10. According to the survey report, Resident # 1 was in a "down cycle" and was left on the floor in his room at the NFMH from April 15 until he was admitted to the hospital on April 18.

11. The survey report was a report of abuse or neglect to DRC.

12. DRC had probable cause that abuse or neglect had occurred and that Resident # 1's health and safety are in serious and immediate jeopardy, based on the information in the survey report.

13. On May 11, 2005 Summer Duke, an attorney for DRC, sent to Shirley Showalter, Administrator of Applewood Rehabilitation, a "Demand for Identification of Resident Involved in 4/20/05 Incident." This letter is attached as Exhibit B and set out DRC's

P&A access authority for the records of an individual with mental illness.

14. On June 7, 2005, Ray L. Connell, attorney for Applewood Rehabilitation, sent a letter to DRC stating that he would respond to Ms. Duke's letter. The letter is attached as Exhibit C.

15. Between June 28 and July 7, Ms. Duke left voice messages for Mr. Connell, but did not receive any return telephone calls.

16. On July 18, 2005, Ms. Duke sent a letter to Mr. Connell again requesting the name, address and phone number of the individual involved or his guardian. This letter is attached as Exhibit D.

17. DRC has received no response to any of its requests for records.

18. DRC does not know whether the individual identified as "Resident # 1" lived or died. Nor does it know whether the resident returned to Applewood Rehabilitation.

## LEGAL CLAIM

<u>DRC is entitled to an injunction requiring Applewood Rehabilitation to provide Resident # 1's records or to provide DRC with Resident # 1's name and contact information or that of his legal guardian.</u>

19. Plaintiff incorporates by reference the allegations in paragraphs 1 through 18.

20. The P&A has authority to access the records of an individual with a mental illness who has a legal guardian when it has received a complaint regarding that person or when it has probable cause to believe the individual's health or safety is in serious and immediate jeopardy. 42 U.S.C. § 10805(a)(4)(C).

21. In order access the individual's records, the P&A must contact the individual's guardian "upon receipt of the name and address of such representative" and must offer assistance to resolve the situation. 42 U.S.C. § 10805(a)(4)(C)(i – ii).

22. If the guardian fails or refuses to act on behalf of the individual, the P&A is entitled to the individual's records. 42 U.S.C. § 10805(a)(4)(C)(iii).

23. The P&A is also entitled to access the records of any individual who does not have a guardian who is unable to authorize the system to have access to his records, and with respect to whom the P&A has a complaint or probable cause of abuse or neglect. 42 U.S.C. § 10805(a)(4)(B).

24. If the P&A's access to records of a person with mental illness is delayed or denied, the entity denying access must promptly provide the P&A with a written statement of reasons, "including, in the case

of a denial for alleged lack of authorization, the name, address and telephone number of the guardian, conservator, or other legal representative of an individual with mental illness." 42 C.F.R. § 51.43.

25. DRC has provided all of the information about its P&A access authority to Applewood Rehabilitation, Inc. and to Applewood's attorney Ray Connell.

26. Applewood Rehabilitation has repeatedly failed to respond to DRC's request for identification of Resident # 1 or his legal guardian.

27. Applewood has violated the PAIMI Act.

## REQUEST FOR RELIEF

WHEREFORE, for all of the reasons stated, Plaintiff Disability Rights Center of Kansas requests that the court:

28. Declare that DRC is entitled to the name, address and telephone number of Resident # 1 or his legal guardian, or if Resident # 1 is dead, DRC is entitled to Resident # 1's records pursuant to the PAIMI Act, 42 U.S.C. § 10805(a), and

29. Grant DRC's request for an injunction ordering Applewood Rehabilitation to provide DRC with the name, address and telephone number of Resident # 1 or his legal guardian or if Resident # 1 is

dead, DRC is entitled to Resident # 1's records pursuant to the PAIMI Act, 42 U.S.C. § 10805(a), and

30. Award Plaintiff's reasonable costs and attorneys' fees, and

31. Grant such other relief as may be proper.

## DESIGNATION OF PLACE OF TRIAL

32. Plaintiff designates Topeka, Kansas as the place of trial.

Respectfully Submitted,

s/ Kirk W. Lowry
Kirk W. Lowry, # 13315
Summer A. Duke, # 21703
Disability Rights Center of Kansas
3745 SW Wanamaker Rd.
Topeka, KS 66610
(785) 273-9661
fax: (785) 273-9414
kirk@drckansas.org
summer@drckansas.org
*Attorneys for Plaintiff*