IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| DISABLING RIGHTS CENTER OF KANSAS, INC.<br>Plaintiff,<br><br>v.<br><br>APPLEWOOD REHABILITATION<br>Defendant. | Case No. 05-4097-SAC |

<u>MEMORANDUM IN SUPPORT OF PLAINTIFF'S
MOTION FOR PRELIMINARY INJUNCTION</u>

Applewood Rehabilitation, Inc. has, without giving any reason, refused to provide the Disability Rights Center of Kansas (DRC) with the name and contact information for an individual with mental illness in its facility about whom DRC has received a complaint of abuse and neglect. DRC is entitled to a preliminary injunction ordering Applewood to identify Resident # 1 or his legal guardian and provide information to contact the individual or his guardian. The State survey indicates that Applewood employees left Resident # 1 on the floor for three days (April 15-18) until he almost died. In fact, he may be dead. DRC requests a preliminary injunction hearing as

soon as possible on the court's docket. The hearing should not take more than an hour.

## STATEMENT OF FACTS

The Protection and Advocacy System

The Disability Rights Center (DRC) is the designated protection and advocacy system for the State of Kansas. In response to despicable and inhumane conditions in state institutions housing persons with disabilities, Congress created the Protection and Advocacy systems (P&As) in the Developmental Disabilities Assistance and Bill of Rights Act (DD Act) of 1975. 42 U.S.C. § 15000 *et seq.*; *Equip for Equality, Inc. v. Ingalls Mem. Hosp.*, 292 F.Supp.2d 1086, 1093 (N.D. Ill. 2003). The Protection and Advocacy for Individuals with Mental Illness (PAIMI) Act was passed in 1986 to protect individuals with mental illness who are similarly "vulnerable to abuse and serious injury." *Id.* There are now eight separate protection and advocacy federal grants.

In 1977, Governor Bennett designated Kansas Advocacy and Protective Services (KAPS) as the Kansas P&A. In January 2005, KAPS changed its name to the Disability Rights Center of Kansas (DRC). DRC is a private, 501(c)(3) non-profit corporation. DRC is funded by federal grants. DRC investigates abuse and neglect in state hospitals, nursing

2

homes, intermediate care facilities for the mentally retarded, residential treatment facilities and group homes. DRC represents individuals with disabilities in cases related to abuse and neglect, Medicaid issues, special education, guardianships, fair housing, Americans with Disabilities Act and Rehabilitation Act issues, and employment and vocational rehabilitation issues. Congress created the protection and advocacy system to be independent of State government and service providers so that the P&A represents only the interests of the person with a disability.

Applewood Rehabilitation Nursing Facility for Mental Health

Applewood Rehabilitation is a Nursing Facility for Mental Health, or NFMH. A NFMH serves individuals with severe persistent mental illness. By definition, all residents of a NFMH are eligible to be served by the P&A under the PAIMI Act grant. The NFsMH are part of the state mental health system. The mental health system includes state hospitals, NFsMH, group homes, and independent living situations. The NFsMH are the second most restrictive placement for individuals with mental illness, and they serve only individuals who have been diagnosed with severe persistent mental illness. The NFsMH are governed by the same federal regulations that apply to regular nursing homes (42 C.F.R. part 483) and the state laws applicable to adult care homes (K.S.A. Ch. 39, Art. 9).

The Request

The Disability Rights Center of Kansas (DRC) is the designated protection and advocacy system (P&A) for the State of Kansas. Pursuant to the Protection and Advocacy for Individuals with Mental Illness (PAIMI) Act (42 U.S.C. § 10805(b)), the Kansas Department on Aging sends the annual survey report for each nursing facility for mental health (NFMH) to DRC. DRC reviews the report for allegations indicating abuse or neglect. DRC staff had probable cause to find abuse or neglect of Resident # 1 identified in the survey report for Applewood Rehabilitation dated April 26, 2005.

DRC has a statutory mandate to investigate incidents of abuse or neglect of individuals with mental illness. 42 U.S.C. § 10805(a)(1)(A). On May 11, 2005, Summer Duke a DRC attorney, sent a letter to Applewood Rehabilitation's administrator requesting the name, address and telephone number of the individual or his legal guardian, so DRC could contact them and offer DRC's services. The Administrator forwarded the request to Applewood Rehabilitation's attorney, who has thus far failed to respond to DRC's request. DRC has attempted to contact Applewood Rehabilitation's attorney by mail and telephone to offer to answer any questions about DRC's federal P&A access authority.

The United States Court of Appeals for the Tenth Circuit has held that an injunction is proper to allow the P&A access to records of persons with disabilities. In *Center for Legal Advocacy v. Earnest*, the Court found that the P&A could access emergency room records under PAIMI and the records were not protected as drug and alcohol records under the federal Public Health Services Act. 320 F.3d 1107 (10th Cir. 2003). In *Center for Legal Advocacy v. Hammons*, the Tenth Circuit held that PAIMI preempts state peer review and quality assurance statutes and the P&A was entitled to peer review records from a mental health institute. 323 F.3d 1262, 1273 (10th Cir. 2003). The federal court for the District of Kansas has recognized the P&A's authority to access records of an individual with a disability. *Kansas Advocacy and Protective Services v. Stormont-Vail Healthcare, Inc.*, 00-4135-RDR (D. Kan. 2002)(*unpublished*)(attached as Exhibit A); *Kansas Advocacy and Protective Services v. Kaw Valley Center, Inc.*, 98-4111-CM (D. Kan. 2000)(*unpublished*)(attached as Exhibit B).

Under the PAIMI Act, DRC is entitled to the records of the person with mental illness identified as Resident # 1 in the survey report. A preliminary injunction should be granted, ordering Applewood Rehabilitation to provide DRC with the requested information.

ARGUMENT

A preliminary injunction is in order here. There are four prerequisites that must be established to be entitled to a preliminary injunction. The movant must show "(1) that it has a substantial likelihood of prevailing on the merits; (2) that it will suffer irreparable harm unless the preliminary injunction is issued; (3) that the threatened injury outweighs the harm the preliminary injunction might cause the opposing party; and (4) that the preliminary injunction if issued will adversely affect the public interest." *Prairie Band of Potawatomi Indians v. Pierce*, 253 F.3d 1234, 1246 (10th Cir. 2001). When a preliminary injunction affords the movant "substantially all the relief he may recover at the conclusion of a full trial on the merits," the movant must demonstrate that "on balance, the four factors weigh heavily and compellingly in his favor." *O Centro Espirita Beneficiente Uniao Do Vegetal v. Ashcroft*, 389 F.3d 973, 977 (10th Cir. 2004).

<u>Plaintiff DRC has a substantial likelihood of success on the merits</u>.

The PAIMI Act clearly gives DRC access to Resident # 1's records, or at a minimum DRC is entitled to the name and contact information of the individual or his guardian. Applewood Rehabilitation has asserted no defense or disputed DRC's allegation that it is entitled to Resident # 1's information. Applewood Rehabilitation continues to violate the PAIMI Act.

DRC is entitled to the information requested under one of two access authority provisions within the PAIMI Act. First, DRC is entitled to the records of an individual with mental illness who has a guardian, whose guardian has been contacted by the P&A upon receipt of the guardian's name and address, the P&A offered to help resolve the matter, and the guardian failed or refused to act on the P&A's offer of assistance. 42 U.S.C. § 10805(a)(4)(C). DRC is also entitled to the records of an individual with mental illness who is unable to authorize the system to have access, who does not have a guardian, and with respect to whom the P&A has a complaint or probable cause of abuse or neglect. 42 U.S.C. § 10805(a)(4)(B). This provision applies to an individual who has died or whose whereabouts are unknown. *Id.*

Under the PAIMI Act, if access to records is delayed or denied based on an alleged lack of authorization, the entity denying access must provide the name, address and telephone number of the legal guardian of the person with mental illness. 42 C.F.R. § 51.43. DRC has made its required showing: Resident # 1 is an individual with mental illness. He is diagnosed with bipolar disorder and was served by a nursing facility for mental health. (See survey report, Exhibit A to Plaintiff's Complaint). The survey report received by DRC is a complaint that the individual has been abused or

neglected. The term "complaint" is construed very broadly to ensure full protection of the rights of persons with disabilities. *Alabama Disabilities Advocacy Program v. J.S. Tarwater Developmental Center*, 97 F.3d 492, 497 (11th Cir. 1996). The regulations define complaint to include "any report or communication, whether formal or informal, written or oral, received by the P&A system, including media accounts, newspaper articles, telephone calls (including anonymous calls) from any source alleging abuse or neglect of an individual with mental illness." 42 C.F.R. § 51.2. DRC also has probable cause, based on the survey report, that Resident # 1 was abused or neglected.

DRC asserted its access authority to get the records of Resident # 1 so it could investigate the incident of abuse or neglect. At that point, the responsibility shifted to Applewood Rehabilitation to provide the contact information if they denied access due to lack of authorization. Applewood Rehabilitation has given no indication why it has not provided the records to which DRC is entitled under the PAIMI Act.

It should be noted that a P&A is required to maintain the confidentiality of an individual's records to the same extent as the entity providing the records. 42 U.S.C. § 10806(a).

## Irreparable Harm

A party will suffer irreparable harm when the harm is "both certain and great," not "merely serious or substantial." *Prairie Band*, 253 F.3d at 1250 (10th Cir. 2001). DRC will suffer irreparable harm without the preliminary injunction. Without the identity of the individual identified in the survey report, DRC cannot fulfill its statutory mandate to investigate reported incidents of the abuse or neglect of an individual with mental illness being served in the state. DRC cannot protect the rights of the individual who has been subject to abuse and neglect and cannot protect him from further abuse or neglect unless it has the information necessary to contact the individual or his guardian. DRC cannot determine whether the individual is already represented by any other person to advocate for protection of his rights. The harm to DRC is certain, in that it is prevented from investigating without the requested contact information. It is great harm to the individual about whom we have received the complaint of neglect.

Harm is irreparable when it "could not be adequately compensated for in the form of monetary damages." *Prairie Band*, 253 F.3d 1234 at 1251. DRC is not requesting money damages for its injury and money damages that may be available to Resident # 1 after the case has been fully litigated will not be sufficient to remedy the matter. DRC is required to investigate

abuse or neglect and protect and advocate for the rights of an individual with mental illness who has been subject to abuse or neglect. 42 U.S.C. § 10805(a)(1)(A). If DRC is required to fully litigate the issue of access to the individual before having the information necessary to advocate for his rights, the resulting delay injures both the P&A and the Resident in question. Resident # 1, if he did not die from the incident reported in the Department on Aging survey, very nearly died. If he remains in that setting his health and safety are in serious and immediate jeopardy. DRC must have access to his information to determine whether he is safe at this time. Money damages at the end of litigation will not adequately compensate either DRC or Resident #1.

<u>The Threatened Injury To the Disability Rights Center
Outweighs Whatever Damage The Proposed Injunction
May Cause Applewood Rehabilitation.</u>

Applewood Rehabilitation is not at risk of any material injury if the information is provided and the court later rules that DRC was not entitled to Resident # 1's information. Applewood Rehabilitation has not asserted any reason why it cannot provide the requested information. By contrast, the injuries to both DRC and to Resident # 1 are set forth above. DRC must have timely access to the information of an individual with a disability who is subject to abuse or neglect in order to fulfill its mandate to investigate

such incidents and to advocate for the rights of the individual in question. The threatened injury to DRC clearly outweighs the injury to Applewood Rehabilitation.

### The Injunction, if Granted, Will Not Be Adverse to the Public Interest

The public interest is served by an injunction requiring Applewood Rehabilitation to provide Resident # 1's information to DRC pursuant to the PAIMI Act so that DRC can investigate the incident of abuse and neglect and advocate for the rights of the individual with mental illness. PAIMI was enacted because of Congressional findings that "individuals with mental illness are vulnerable to abuse and serious injury" and "State systems for monitoring compliance with respect to the rights of individuals with mental illness vary widely and are frequently inadequate." 42 U.S.C. § 10801(a). The purposes of the PAIMI Act are to ensure protection of the rights of individuals with mental illness, to create a protection and advocacy system to protect and advocate the rights of individuals to ensure the enforcement of the Constitution and Federal and State statutes, and to investigate incidents of abuse or neglect. 42 U.S.C. § 10801(b). The public interest is not served by allowing a provider of services to a person with mental illness to refuse to comply with a federal statute in order to avoid an investigation of abuse or neglect.

<u>This is a serious question that is ripe for litigation and
deserving of more deliberate investigation.</u>

"If the plaintiff establishes that the latter three factors 'tip strongly' in his or her favor, the likelihood of success inquiry is modified somewhat, and the plaintiff may establish likelihood of success 'by showing that questions going to the merits are so serious, substantial, difficult, and doubtful as to make the issue ripe for litigation and deserving of more deliberate investigation.'" *Valley Community Preservation Commission v. Mineta*, 373 F.3d 1078, 1083-84 (10th Cir. 2004)(citing *Greater Yellowstone Coalition v. Flowers*, 321 F.3d 1250, 1256 (10th Cir. 2003)). Generally, the movant must "establish a reasonable probability of success, and not an 'overwhelming' likelihood of success, in order for a preliminary injunction to issue." *Koerpel v. Heckler*, 797 F.2d 858, 867 n.5 (10th Cir. 1986)(citing *Atchison, T. & S.F. Ry. Co. v. Lennen*, 640 F.2d 255, 261 (10th Cir. 1981)).

In this case, DRC has shown a probability of success on the merits. In addition, the three "harm" factors clearly favor DRC. DRC remains unable to fulfill its statutory mandate to investigate abuse and neglect and Resident # 1 continues to be at risk of abuse and neglect. The issue of DRC's federal access authority under the Protection and Advocacy for Individuals with Mental Illness (PAIMI) Act is an important one that is ripe for litigation and deserving of more deliberate investigation.

DRC has met all of the requirements for a preliminary injunction.

CONCLUSION

For the foregoing reasons, Plaintiff DRC request that the Court enter a preliminary injunction ordering the Defendant to provide DRC with the name, address and telephone number of Resident # 1 or of Resident # 1's legal guardian.

Respectfully Submitted,

s/ Kirk W. Lowry
Kirk W. Lowry, # 13315
Summer A. Duke, # 21703
Disability Rights Center of Kansas
3745 SW Wanamaker Rd.
Topeka, KS 66610
(785) 273-9661
fax: (785) 273-9414
kirk@drckansas.org
summer@drckansas.org
*Attorneys for Plaintiff*