IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| DISABILITY RIGHTS CENTER OF KANSAS, INC.<br>Plaintiff, | )<br>)<br>)<br>) | |
| v. | )<br>) | Case No. 05-4097-SAC |
| APPLEWOOD REHABILITATION<br>Defendant. | )<br>)<br>) | |

FIRST AMENDED COMPLAINT

COMES NOW, Plaintiff Disability Rights Center of Kansas, by and through its attorneys, Kirk W. Lowry and Summer A. Duke, and for its cause of action against Defendant Applewood Rehabilitation Inc. alleges and states as follows:

INTRODUCTION

1. This is an action for injunctive and declaratory relief enforcing the access authority provisions of the Protection and Advocacy for Individuals with Mental Illness (PAIMI) Act. The PAIMI Act entitles the Disability Rights Center of Kansas, which is the Protection and Advocacy system for the State of Kansas, to

information and records from the Defendant regarding an individual with mental illness who was served in Defendant's facility.

## PARTIES

2. Plaintiff Disability Rights Center of Kansas (DRC) is a 501(c)(3) non-profit corporation and the designated protection and advocacy system (P&A) for the State of Kansas. Plaintiff's principal place of business is 635 SW Harrison Street, Suite 100, Topeka, Shawnee County, Kansas, 66603.

3. Defendant Applewood Rehabilitation, Inc. is a for-profit corporation incorporated in Roeland Park, Johnson County, Kansas, with resident agent Ray L. Connell in El Dorado, Butler County, Kansas. Applewood Rehabilitation Inc. is a nursing facility for mental health (NFMH) located at 1720 West Second Street, Chanute, Neosho County, Kansas, 66720.

## JURISDICTION AND VENUE

4. Jurisdiction of this action is based on 28 U.S.C. § 1331 and 28 U.S.C. § 2201, seeking application of the federal Protection and Advocacy for Individuals with Mental Illness (PAIMI) Act, 42 U.S.C. § 10801 *et seq.* and 42 C.F.R. § 51.41 *et seq.* There is currently no amount in controversy between plaintiff and defendant.

5. Venue is proper in this court under 28 U.S.C. § 1391(b) because the plaintiff and the defendant are residents of the State of Kansas and the actions giving rise to the cause of action occurred in Kansas.

## ALLEGED FACTS

6. As the official protection and advocacy system (P&A) for the State of Kansas, the Disability Rights Center (DRC) is mandated to "investigate incidents of abuse or neglect of individuals with mental illness if the incidents are reported to the system or if there is probable cause to believe that the incidents occurred" (42 U.S.C. § 10805(a)(1)(A)) and to "pursue administrative, legal, and other appropriate remedies to ensure the protection of individuals with mental illness who are receiving care or treatment in the state." (42 U.S.C. § 10805(a)(1)(B)).

7. Pursuant to 42 U.S.C. § 10805(b), the Kansas Department of Aging provides DRC with a copy of each annual survey report and plan of corrections for cited deficiencies under the Social Security Act "with respect to any facility rendering care or treatment to individuals with mental illness in the State in which the system is located." 42 U.S.C. § 10805(b).

8. DRC received a report of the Applewood Rehabilitation survey of April 26, 2005. (CMS form 2567, attached as Exhibit A.)

9. On May 2, 2005, DRC staff reviewed the survey report and identified an incident of abuse or neglect of an individual with mental illness.

10. The survey report stated that "Resident # 1," who is an individual with bipolar disorder, was admitted to an emergency room "in a comatose state with severe dehydration, kidneys shut down, septic, and low oxygen in blood."

11. According to the survey report, Resident # 1 was in a "down cycle" and was left on the floor in her room at the NFMH from April 15 until April 18.

12. The survey report was a report of abuse or neglect to DRC.

13. DRC had probable cause that abuse or neglect had occurred and that Resident # 1's health and safety were in serious and immediate jeopardy, based on the information in the survey report.

14. On May 11, 2005 Summer Duke, an attorney for DRC, sent to Shirley Showalter, Administrator of Applewood Rehabilitation, a "Demand for Identification of Resident Involved in 4/20/05 Incident." This letter is attached as Exhibit B and set out DRC's

P&A access authority for the records of an individual with mental illness. Ms. Showalter did not respond to the letter herself.

15. On June 7, 2005, Ray L. Connell, attorney for Applewood Rehabilitation, sent a letter to DRC stating that he would respond to Ms. Duke's letter. The letter is attached as Exhibit C.

16. Between June 28 and July 7, Ms. Duke left voice messages for Mr. Connell, but did not receive any return telephone calls.

17. On July 18, 2005, Ms. Duke sent a letter to Mr. Connell again requesting the name, address and phone number of the individual involved or her guardian. This letter is attached as Exhibit D.

18. Until the current suit was filed, DRC received no response to any of its requests for records.

19. At the time the current suit was filed, DRC did not know whether the individual identified as "Resident # 1" lived or died. Nor did it know whether the resident returned to Applewood Rehabilitation.

20. Plaintiff DRC filed the original Complaint on August 10, 2005 and e-mailed a courtesy copy of the filed documents to Ray Connell, attorney for the defendant.

21. On or about August 15, 2005, Mary Harding from Applewood Rehabilitation contacted the son of "Resident # 1" and informed him that DRC filed suit to obtain information about his mother.

22. Resident # 1 was Elizabeth L. Williamson. Her son's name is John Williamson.

23. Elizabeth L. Williamson is now deceased.

24. Ms. Williamson died on June 7, 2005, approximately seven weeks after she was taken to the emergency room from Applewood Rehabilitation.

25. On August 15, 2005, John Williamson contacted DRC and spoke with an advocate.

26. On August 16, 2005, Summer Duke contacted John Williamson and confirmed the identity of Resident # 1.

27. Ray Connell, as resident agent for Applewood Rehabilitation, was served with the summons on August 17, 2005.

28. Applewood Rehabilitation did not comply with the PAIMI Act until after DRC had filed suit to enforce its access authority.

29. Elizabeth L. Williamson did not have a guardian during her life.

30. No estate was opened for Elizabeth L. Williamson after her death.

31. On August 19, 2005, Ms. Duke requested the records of Ms. Williamson pursuant to the PAIMI Act, 42 U.S.C. § 10805(a)(4)(B). The letter is attached as Exhibit E.

32. Applewood Rehabilitation has not provided Ms. Williamson's records, nor have they provided her name to DRC.

## LEGAL CLAIMS

COUNT I: DECLARATORY RELIEF
DRC seeks a declaration that Applewood Rehabilitation violated the PAIMI Act by refusing to provide either the name and contact information for Resident #1 or her records.

33. Plaintiff incorporates by reference the allegations in paragraphs 1 through 32.

34. The P&A has authority to access the records of an individual with a mental illness who has a legal guardian when it has received an abuse or neglect complaint regarding that person or when it has probable cause to believe the individual's health or safety is in serious and immediate jeopardy. 42 U.S.C. § 10805(a)(4)(C).

35. In order to access the individual's records, the P&A must contact the individual's guardian "upon receipt of the name and address of such representative" and must offer assistance to resolve the situation. 42 U.S.C. § 10805(a)(4)(C)(i – ii).

7

36. If the guardian fails or refuses to act on behalf of the individual, the P&A is entitled to the individual's records. 42 U.S.C. § 10805(a)(4)(C)(iii).

37. The P&A is also entitled to access the records of any individual who does not have a guardian who is unable to authorize the system to have access to his records, and with respect to whom the P&A has a complaint or probable cause of abuse or neglect. 42 U.S.C. § 10805(a)(4)(B).

38. If the P&A's access to records of a person with mental illness is delayed or denied, the entity denying access must promptly provide the P&A with a written statement of reasons, "including, in the case of a denial for alleged lack of authorization, the name, address and telephone number of the guardian, conservator, or other legal representative of an individual with mental illness." 42 C.F.R. § 51.43.

39. DRC provided information about its P&A access authority to Applewood Rehabilitation, Inc. and to Applewood's attorney Ray Connell prior to the filing of this lawsuit.

40. Applewood Rehabilitation repeatedly failed to respond to DRC's request for identification of Resident # 1 or her legal guardian until after the suit was filed.

41. At all times after Ms. Williamson's death on June 7, 2005, DRC was entitled to the records because Ms. Williamson was an individual with mental illness was unable to authorize the P&A to have access, she did not have a legal guardian or other representative, and DRC had a complaint and probable cause to believe she had been abused or neglected. 42 U.S.C. § 10805(a)(4)(B).

42. Applewood violated the PAIMI Act.

COUNT II: INJUNCTIVE RELIEF
DRC is entitled to a permanent injunction requiring Applewood Rehabilitation to comply with the Protection and Advocacy for Individuals with Mental Illness (PAIMI) Act by providing information requested by DRC relating to individuals with mental illness.

43. Plaintiff incorporates by reference the allegations in paragraphs 1 through 42.

44. Applewood Rehabilitation is a Nursing Facility for Mental Health (NFMH).

45. A NFMH serves individuals who, "due to functional impairments, need skilled nursing care and special mental health services to compensate for activities of daily living limitations." K.S.A. § 39-

923(a)(3). Eligibility for NFMH placement is limited to individuals with severe persistent mental illness (SPMI).

46. Under the PAIMI Act, DRC may serve individuals with mental illness. An individual with mental illness means an individual "who has a significant mental illness or emotional impairment, as determined by a mental health professional qualified under the laws and regulations of the State" and includes, among others, an individual "who is an inpatient or resident in a facility rendering care or treatment, even if the whereabouts of such inpatient or resident are unknown." 42 U.S.C. § 10802(4).

47. All residents of an NFMH are potential DRC clients. Applewood Rehabilitation is one of thirteen NFsMH in the State of Kansas.

48. DRC monitors and visits some NFsMH in the state, takes calls from residents of various NFsMH and reviews KDOA survey reports for all NFsMH in the state. DRC receives complaints of abuse or neglect in NFsMH.

49. This situation is capable of repetition, yet evading review because Applewood Rehabilitation is likely to again refuse to provide the statutorily required information about an individual who has been abused or neglected until after a lawsuit for access is filed, then

provide the information before adjudication, causing DRC's request for relief to be moot.

50. The purpose of the PAIMI statute is frustrated when the P&A is required to file a lawsuit in order to compel an entity to comply with the access provisions of PAIMI.

51. DRC will highly likely prevail on the merits. If an injunction is not issued, DRC will suffer irreparable harm. The threatened injury to DRC and people with disabilities outweighs any injury to Applewood Rehabilitation. DRC's access to records so that it can investigate facilities serving persons with mental illness and advocate for individuals with mental illness is clearly consistent with the public interest.

52. DRC is entitled to a court order that Applewood Rehabilitation comply with the PAIMI statute by promptly providing access to residents' records as required by the Act. 42 U.S.C. § 40805(a)(4) and 42 C.F.R. § 51.41.

53. DRC is entitled to a court order that if Applewood Rehabilitation delays or denies access to a resident's record, it will provide to DRC within three days a written statement of reasons. 42 C.F.R. § 51.43.

54. DRC is entitled to a court order that if Applewood Rehabilitation denies access to a resident's record because of a lack of authorization, it must provide to DRC within three days the name, address and telephone number of the resident or the legal representative for the resident who can authorize such access. 42 C.F.R. § 51.43.

COUNT III: INJUNCTIVE RELIEF
DRC requests an injunction requiring Applewood Rehabilitation to provide the records of Elizabeth L. Williamson

55. Plaintiff incorporates by reference the allegations in paragraphs 1 through 54.

56. DRC has requested the records of Elizabeth L. Williamson pursuant to the PAIMI Act, 42 U.S.C. § 10805(a)(4)(B).

57. In a fax dated September 2, 2005, Applewood Rehabilitation refused to provide Ms. Williamson's records without an executed authorization from Ms. Williamson's son. The fax is attached as Exhibit F.

58. Ms. Duke informed Mr. Connell on September 19, 2005 that Ms. Williamson has no legal representative and that John Williamson has no authority to authorize the release of Elizabeth Williamson's records. The letter is attached as Exhibit G.

59. Ms. Duke also informed Applewood Rehabilitation's counsel that no authorization was required for access to Ms. Williamson's records under 42 U.S.C. § 10805(a)(4)(B) because the statute allows the P&A access to records of an individual with mental illness, including one who has died, who by reason of her mental or physical condition is unable to authorize the P&A to have such access, who does not have a legal guardian or other legal representative, and with respect to whom a complaint has been received by the P&A. (See Exhibit E).

60. Ms. Williamson is deceased and is therefore unable to authorize access to her records.

61. Ms. Williamson has no guardian, conservator, or other legal representative.

62. DRC received a complaint of abuse or neglect of Ms. Williamson.

63. Applewood Rehabilitation is currently violating the PAIMI Act by failing to provide Ms. Williamson's records.

## REQUEST FOR RELIEF

WHEREFORE, for all of the reasons stated, Plaintiff Disability Rights Center of Kansas requests that the court:

64. Declare that Applewood Rehabilitation violated the PAIMI Act, 42 U.S.C. § 10805(a)(4)(B), by not providing DRC with the name of Resident # 1, Ms. Williamson, when requested by DRC; and

65. Declare that Applewood Rehabilitation violated the PAIMI Act, 42 U.S.C. § 10805(a)(4)(B), by not providing DRC with the records of the individual (Resident #1) about whom DRC had received the complaint of abuse and neglect; and

66. Grant DRC's request for a permanent injunction ordering Applewood Rehabilitation

    a. to comply with the PAIMI Act by promptly providing records pursuant to the PAIMI Act, 42 U.S.C. § 10805(a), and

    b. within three days of DRC's request, to comply with the PAIMI regulations by providing a statement of reasons for denial of access to records as required by 42 C.F.R. § 51.43, and

    c. within three days of DRC's request, to comply with the PAIMI regulations by, when denial of access to records is due to lack of authorization, providing to DRC the name, address, and telephone number of the resident or resident's legal representative who can authorize access to records as required by 42 C.F.R. § 51.43; and

    d. to provide to DRC the records of Elizabeth L. Williamson.

67. Award Plaintiff's reasonable costs and attorneys' fees, and

68. Grant such other relief as may be proper.

### DESIGNATION OF PLACE OF TRIAL

69. Plaintiff designates Topeka, Kansas as the place of trial.

Respectfully Submitted,

s/ Summer A. Duke
Summer A. Duke, # 21703
Kirk W. Lowry, # 13315
Disability Rights Center of Kansas
635 SW Harrison St., Ste. 100
Topeka, KS 66603
(785) 273-9661
fax: (785) 273-9414
kirk@drckansas.org
summer@drckansas.org
*Attorneys for Plaintiff*

### Certificate of Service

I hereby certify that on the 23rd day of September, 2005, I electronically filed the foregoing First Amended Complaint with the Clerk of the Court by using the CM/ECF system. I sent a copy by certified mail to:
Ray Connell
Connell & Connell
318 West Central
El Dorado, KS 67042
*Attorney for Applewood Rehabilitation*

                                              s/ Summer A. Duke
                                              Summer A. Duke