IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

FILED
U.S. DISTRICT COURT
DISTRICT OF KANSAS

2005 DEC -6  A 11: 39

RALPH L. DELOACH
CLERK
BY B.W. DEPUTY
AT TOPEKA, KS.

DISABILITY RIGHTS CENTER )
OF KANSAS, INC. )
          Plaintiff, )
           )   Case No. 05-4097-SAC
v. )
           )
APPLEWOOD REHABILITATION, )
          Defendant. )

## CONSENT DECREE

The Plaintiff, Disability Rights Center of Kansas ("DRC"), and Defendant, Applewood Rehabilitation, Inc., have agreed to this consent decree and request the Court's approval.

The Disability Rights Center of Kansas, Inc. ("DRC") and Applewood Rehabilitation, Inc. are litigants in the above-captioned case. In a May 11, 2005 letter to Applewood Rehabilitation, DRC identified a possible case of abuse or neglect of an Applewood Rehabilitation resident and requested the name and contact information of the resident involved or the resident's guardian. Applewood Rehabilitation referred the request to their attorney. Prior to filing this lawsuit, DRC did not receive the information it requested.

The Disability Rights Center of Kansas is the designated protection and advocacy system (P&A) for the State of Kansas. Under the Protection and Advocacy for Individuals with Mental Illness (PAIMI) Act, 42 U.S.C. § 10801 *et seq.*, the P&A is charged with investigating reports of abuse or neglect of individuals with mental illness and is given authority to access facilities, individuals, and records in order to investigate abuse or neglect. Applewood Rehabilitation is a Nursing Facility for Mental Health (NFMH) serving persons with mental illness.

On August 10, 2005, DRC filed a complaint seeking declaratory and injunctive relief ordering Applewood Rehabilitation to provide access to the records of an Applewood resident about

whom DRC had received a complaint of abuse and neglect.  Prior to being served with the complaint, on August 15, 2005 the son of the resident about whom DRC received the complaint of abuse or neglect contacted DRC at Applewood's recommendation and confirmed that his mother was the resident for whom DRC had requested contact information.  The former resident was no longer alive and could not authorize release of information.

DRC is conducting an abuse and neglect investigation regarding the resident's treatment at Applewood Rehabilitation.  Applewood has forwarded copies of all the resident's records to DRC.

The parties agree that this Court has jurisdiction over the subject matter of this case and will retain jurisdiction over this case with full powers to enforce this order.  The parties agree to resolve this case without further proceedings.  The parties request that the Court sign this Consent Decree and consent to the entry of this Consent Decree as indicated by their signatures below.

The Court finds that:

1.  The Court has jurisdiction of the parties and the subject matter of this litigation.

2.  The Disability Rights Center has standing to bring this case to enforce the PAIMI Act, 42 U.S.C. § 10801 et seq.

3.  Applewood Rehabilitation Center unintentionally violated the PAIMI Act when it failed to disclose the name of the resident and the resident's guardian to the Disability Rights Center of Kansas, Inc., the designated protection and advocacy system for the State of Kansas.

4.  The proposed Consent Decree is a reasonable and proper resolution to this case.

IT IS HEREBY Ordered, Adjudged, and Decreed:

1.  All residents of Applewood Rehabilitation are by definition "individuals with mental illness" eligible to be served by DRC.

2.  Applewood Rehabilitation will comply with the PAIMI Act and its regulations in the

future by promptly providing records pursuant to the PAIMI Act, 42 U.S.C. § 10805(a), and

    3. Applewood Rehabilitation will, within three days of any future request from DRC, comply with the PAIMI regulations by providing a statement of reasons for denial of access to records as required by 42 C.F.R. § 51.43, and

    4. Applewood Rehabilitation will, within three days of any future request from DRC, comply with the PAIMI regulations by providing to DRC the name, address, and telephone number of the resident or resident's legal representative who can authorize access to records when denial of access to records is due to lack of authorization, as required by 42 C.F.R. § 51.43.

    IT IS SO ORDERED.

    Dated this 6th day of December, 2005.

Sam A. Crow
United States District Judge

Agreed to by the parties as indicated by the signatures of counsel below:

For Plaintiff:

Kirk W. Lowry, S.Ct. #13315
Disability Rights Center of Kansas
635 SW Harrison, Suite 100
Topeka, Kansas 66603
(785) 273-9661
(785) 273-9414 (fax)
kirk@drckansas.org

For Defendant:

Ray L. Connell, S.Ct. #008577
Connell & Connell
318 West Central
P.O. Box 6
El Dorado, Kansas 67042
(316) 321-4300
(316) 321-1530 (fax)
ray@connellandconnell.com